Corrigan, J.
(dissenting). I respectfully dissent from the order denying defendant’s application for leave to appeal. While I generally concur with Justice Markman’s analysis, I write separately to underscore the errors in the Court of Appeals published decision. I would either peremptorily reverse or grant leave to appeal in this action involving claims of negligence, breach of fiduciary duty, and breach of contract because the Court of Appeals erroneously affirmed the order denying defendant’s motion for summary disposition under MCR 2.116(C)(7) (settlement and release). The unambiguous language of the compromise settlement release and hold-harmless agreement precluded plaintiffs cause of action. In my view, Judge Kirsten Frank Kelly’s dissent correctly states the governing legal principles. Genesee Foods Services, Inc v Meadowbrook, Inc, 279 Mich App 649, 658-661 (2008).
Defendant Meadowbrook, an independent insurance agency, executed an agreement with Citizens Insurance licensing it to sell, accept, and bind Citizens to insurance contracts. The 1988 agreement between Meadow-brook and Citizens specifically provided, “ [b]y signing this agreement you become an agent for the companies indicated above.” Accordingly, Mead-owbrook became Citizens’ agent. In March 2001, defendant arranged for plaintiff Genesee Foods to purchase commercial general liability and property insurance through Citizens. After a fire destroyed almost all of plaintiff’s property in August 2003, plaintiffs business became inoperable.
Plaintiff submitted a claim to Citizens for property damage and business interruption loss because of the fire. In November 2003, plaintiff and Citizens settled their claims and executed a release that provides in relevant part:
The Undersigned do hereby release and forever discharge the Citizens Insurance Company of America and each of its servants, agents, adjusters, employees, attorneys, related companies, parent companies and subsidiaries (hereinafter “Citizens Releasees”) of and from any and all claims, debts, dues, actions, causes of action and demands, whatsoever, which the Undersigned now have or may have against Citizens Releasees for or on account of any matter or thing that has any time heretofore occurred, particularly, but without limiting the generality hereof, all claims and demands arising out of its policy number ....
*910 Citizens issued its final check to plaintiff on November 23, 2005. Soon thereafter, plaintiff filed suit against defendant, alleging that defendant had not procured sufficient insurance coverage for plaintiff and that defendant Meadowbrook was its agent, not the agent of Citizens.
Defendant moved for summary disposition under MCR 2.116(C)(7) (settlement and release). Defendant argued that the unambiguous language of the release precluded plaintiffs cause of action because plaintiffs suit fell within “any and all claims, debts, dues, actions, causes of actions and demands, whatsoever.” The trial court denied the motion. In a divided published opinion, Judge Owens and Chief Judge Saad affirmed the trial court. Judge Kelly dissented because she concluded that the terms of the release were unambiguous and should be enforced as written.
I agree with Judge Kelly. Unambiguous contracts are enforced as written unless a contractual provision violates law or public policy. Rory v Continental Ins Co, 473 Mich 457,491 (2005). Moreover, a release must be fairly and knowingly made to be valid. Batshon v Mar-Que Gen Contractors, Inc, 463 Mich 646, 649 n 4 (2001). If the language of a release is clear and unambiguous, the intent of the parties is ascertained from the plain and ordinary meaning of the language. Id.
Here, the unambiguous language of the release uses the unmodified term “agents.” The release does not restrict or otherwise limit the class of agents to be released. The 1988 agency agreement explicitly stated, “[b]y signing this agreement you become an agent of the companies listed above.” Neither party disputes the existence of this agency agreement. Defendant acted within the scope of its agency agreement when it arranged for plaintiff to purchase insurance through Citizens. I do not think that cases stating that an independent agent is ordinarily an agent for the insured are pertinent when the defendant establishes its agency-agreement and the release squarely absolves agents from all claims and demands. As Judge Kelly concluded, the language of the release is expansive and all-inclusive. Because defendant is an undisputed agent of Citizens, defendant falls within the broad scope of the release between Citizens and plaintiff. The plain language of the release permits no other result. Accordingly, I would grant leave to appeal or peremptorily reverse and order summary disposition for defendant.
Young and MARKMAN, JJ. We join the statement of Justice Corrigan.